SMYTHE, ADMX., *v.* HARSH.

*Negligence—Evidence of doctor bills and funeral expenses— Admission prejudicial where recovery therefor not sought —Special requests to charge jury before argument erroneously given—As to liability where child suddenly darted in front of machine—Charge to jury—Abstract legal propositions need not be given—Special requests before argument to be given, when.*

1. In action for death of boy run over by defendant's automobile, admission of evidence that defendant paid doctor bills and funeral expenses which were not sought to be recovered *held* reversible error.
2. In action for death of boy struck by defendant's automobile, request before argument that no recovery could be had if boy darted in front of machine of defendant traveling in a lawful manner, so that defendant could not avoid injury, *held* improperly and erroneously given because it confined the jury to one or two facts.
3. Mere abstract propositions of law, although sound, are not

required to be given; but, where request is made in writing before argument, it must be given if it contains law applicable to issues raised by pleadings and evidence.

(Decided December 18, 1926.)

ERROR: Court of Appeals for Muskingum county.

*Mr. John C. Bassett,* for plaintiff in error.
*Messrs. Tannehill & Weber,* for defendant in error.

HOUCK, J. This is a proceeding in error to reverse a judgment of the common pleas court rendered in favor of L. H. Harsh in an action brought against him by Jennie A. Smythe, as administratrix of Harold R. Smythe, to recover for the wrongful death of said Harold R. Smythe, a young boy of about 10 years of age, who was run over and killed by an automobile driven by Harsh. The case was tried below to a jury, verdict rendered for defendant, motion for a new trial overruled, judgment entered, bill of exceptions containing all of the testimony allowed, and petition in error filed in this court to reverse the judgment below. The parties stand here in the same relation as in the court below.

The errors complained of are briefly:

(1) Error in reception of evidence.

(2) Error in instructions to jury.

(3) Verdict and judgment against the weight of the evidence.

(4) Error in overruling motion for new trial; and judgment contrary to law.

(5) That plaintiff, by reason of the instructions given to jury, and evidence permitted, was deprived

of a jury trial as contemplated by law in violation of Section 5, Article I, of the Constitution of Ohio, and Article VII of Amendments of Constitution of United States.

In order to properly pass upon and determine some of the questions raised in this case, it was necessary for us to read the testimony, as contained in the bill of exceptions, which we have done.

(*a*) Plaintiff insists that the trial judge committed prejudicial error in admitting, over his objection and exception, the testimony of the defendant, Harsh, as to the payment of the hospital and doctor bills, the funeral expenses, etc., of plaintiff's decedent. No claim for such expenditures was made in the pleadings; and it was not an issue in the case and was not made a ground of recovery. An examination of this testimony fully convinces us that it was of a highly prejudicial nature and constitutes reversible error. However, it is claimed that a request to charge, on the part of plaintiff's counsel, which was given, cured this claimed error. Nevertheless, a careful reading of the law given to the jury, as contained in the charge, fully satisfies us that it did not take the "sting" out of the testimony admitted.

(*b*) Did the court err to the prejudice of plaintiff in giving to the jury the following, before argument, which was in writing:

"If you find from the evidence that the defendant was proceeding along at a lawful rate of speed and obeying all the requirements of the law of the road and all the regulations for the operation of his machine, and the child, Harold Smythe, darted in front of the machine so suddenly that defendant

could not stop or otherwise avoid the injury, the defendant is not liable.''

Mere abstract propositions of law, although sound within themselves, but merely stating the law generally, are not required to be given, but where the request is made in writing, and before argument, if it contains the law applicable to the issues raised by the pleadings and the facts as established by the evidence, it must be given. The request, in question, is not pertinent to the issues in the case, and has no application to the proven facts and the real question to be solved by the jury. It is too narrow in its scope. The legal force and effect of the request was to instruct the jury to find its verdict upon one or two facts, circumstances, and surroundings of the place at the time of the accident. In other words, it is not a proper and correct statement of the law of the road and the rights of pedestrians and travelers thereon.

We have examined and given attention to all of the other alleged errors relied upon by plaintiff in error, and urged in oral argument and written brief, for reversal of the judgment now under review. However, we find none of such a substantial nature as to merit consideration, save and except the two herein referred to and discussed.

For the two prejudicial errors herein pointed out, and reasons given for same, the judgment of the common pleas court should be reversed.

*Judgment reversed.*

SHIELDS and SAYRE (of the Fourth Appellate district, sitting in place of LEMERT, J.), JJ., concur.